IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VASCONCELLOS,<br><br>    Plaintiff,<br><br>  v.<br><br>SARA LEE BAKERY, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 13-2685 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

Defendants' motion to dismiss the complaint is scheduled for a hearing on August 9, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to dismiss the complaint with leave to amend. If plaintiff wishes to amend the complaint, plaintiff must do so by **August 19, 2013**.

**DISCUSSION**

On May 1, 2013, plaintiff John Vasconcellos filed a complaint in the Superior Court for the County of Alameda against defendants Sara Lee Bakery,[1] Gary McKinney, Rick Diaz, and Does 1-50. The complaint alleges 14 claims arising out of plaintiff's employment and termination. On June 12, 2013, defendants removed this case to this Court on the basis of diversity jurisdiction.

---

[1] Defendant Earthgrains Baking Companies, Inc. states that it was erroneously named and sued as Sara Lee Bakery.

The complaint alleges that "defendants terminated" plaintiff's employment, causing him "severe damages," and that "defendants did not terminate plaintiff on any legal basis." Compl. ¶¶ 9-10. The complaint alleges that defendants terminated plaintiff because he had a physical disability, exercised his right to family leave, filed a claim for worker's compensation, and based upon his age. *Id*. ¶¶ 12-21, 38. The complaint also alleges that wheat flour particulate was commonly found in the air at plaintiff's place of employment, that wheat flour particulate is defined as a hazardous substance, and that defendants failed to disclose to plaintiff that wheat flour particulate was found at his workplace and failed to provide plaintiff with any protective equipment to guard against wheat flour particulate. *Id*. ¶¶ 47-58.

Defendants have moved to dismiss the complaint for failure to state a claim. Defendants contend that the termination claims do not contain any factual allegations showing that plaintiff is entitled to relief, and instead that the complaint's allegations are conclusory.[2] To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

The Court concludes that the termination claims are insufficiently pled. Although the complaint contains a few factual allegations, such as the allegations that plaintiff has a physical disability and that he exercised his right to family leave, the complaint is devoid of "further factual enhancement." The

---

[2] Defendants also contend that plaintiff cannot state a claim against the individual defendants. After defendants moved to dismiss the complaint, the parties stipulated to the dismissal of the individual defendants. Although defendants move to dismiss all claims, defendants' motion and reply only address the termination claims. In any event, the Court finds that the thirteenth and fourteenth claims related to wheat particulate are sufficiently pled.

2

complaint does not allege any facts in support of the claims that defendants terminated plaintiff on account of his physical disability, exercise of family leave, age, or filing for worker's compensation. Instead, the complaint simply alleges in a conclusory fashion that defendants "considered plaintiff a problem employee" and "decided to terminate plaintiff on the basis that" he exercised a right or based on his age or physical disability. The complaint does not allege when plaintiff worked for defendants, when plaintiff became injured or engaged in protected activity, or when the alleged misconduct occurred. Similarly, the complaint alleges a claim for intentional infliction of emotional distress, but contains no allegations about how defendants' conduct was outrageous or how defendants acted with reckless disregard of plaintiff. *Cf. Swierkiewicz v. Sorema N.A* ., 534 U.S. 506, 514 (2002) (plaintiff sufficiently stated a claim for relief under Title VII and the Age Discrimination in Employment Act where the "complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination."); *O'Donnell v. U.S. Bancorp Equipment Finance, Inc*., No. C10–0941 TEH, 2010 WL 2198203, at *3-4 (N.D. Cal. May 28, 2010) (dismissing discrimination and retaliation claims where complaint did not allege any dates of alleged misconduct and where there are "no facts alleged to support an inference that O'Donnell was 'pressured to resign' as a result of her complaints about discriminatory treatment.").

## CONCLUSION

Accordingly, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend the complaint. Docket No. 12. If plaintiff wishes to amend the complaint, plaintiff must do so by **August 19, 2013**.

**IT IS SO ORDERED.**

Dated: August 5, 2013

SUSAN ILLSTON
United States District Judge

3