IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN VASCONCELLOS,

    Plaintiff,

  v.

SARA LEE BAKERY, *et al*.,

    Defendants.
                               /

No. C 13-2685 SI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Defendant's motion to dismiss the first amended complaint is scheduled for a hearing on November 22, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss with leave to amend. If plaintiff wishes to amend any of the dismissed claims, plaintiff must do so by **December 3, 2013**. **Plaintiff is informed that this is the final opportunity to cure the deficiencies in the complaint, and no further leave to amend will be granted absent a showing of good cause**.

**DISCUSSION**

On May 1, 2013, plaintiff John Vasconcellos filed a complaint in the Superior Court for the County of Alameda against defendants Sara Lee Bakery,[1] Gary McKinney, Rick Diaz, and Does 1-50. The complaint alleged fourteen claims arising out of plaintiff's employment and termination.

---

[1] Defendant Earthgrains Baking Companies, Inc. maintains that it was erroneously named and sued as Sara Lee Bakery.

1  Defendants removed this case to this Court on the basis of diversity jurisdiction and subsequently filed
2  a motion to dismiss the complaint for failure to state a claim. The parties stipulated to the dismissal of
3  McKinney and Diaz, who were dismissed with prejudice on July 18, 2013. Docket No. 19. In an order
4  filed August 5, 2013, the Court dismissed the complaint with leave to amend. Docket No. 20.

5  Plaintiff filed an amended complaint on August 14, 2013. Docket No. 21. The amended
6  complaint alleges the same causes of action, with some additional facts pled in support of those claims.
7  Plaintiff alleges that he was employed by defendant for approximately 20 years and that he filed
8  worker's compensation claims for back injuries in 2002 and 2004. First Amended Compl. ("FAC")
9  ¶¶ 9-11. The FAC also lists the various dates of family and personal leave that plaintiff took from April
10 1, 2004 to September 30, 2009. *Id.* ¶¶ 13-24. The FAC alleges that on May 1, 2011, plaintiff had a
11 meeting with his managers, McKinney and Diaz, which led to his constructive termination. *Id.* ¶¶ 25-30.
12 At this meeting, McKinney allegedly stated that "plaintiff was a problem employee because he had
13 exercised his right to take leave of work in the past, pursuant to state and federal law; had a back injury;
14 and had made claims for worker's compensation," and that as a result, McKinney "directed that plaintiff
15 be terminated." *Id.* ¶ 27. Plaintiff alleges that he was given the option to be terminated or to resign from
16 his employment, and that he chose to resign on May 4, 2011. *Id.* ¶¶ 28-29. Plaintiff alleges that this
17 constructive termination is a proximate cause of his suffering "severe damages" and that "defendants
18 did not constructively terminate plaintiff on any legal basis." *Id.* ¶¶ 31-32. The complaint further
19 alleges that wheat flour particulate was commonly found in the air at plaintiff's place of employment,
20 that wheat flour particulate is defined as a hazardous substance, and that defendants failed to disclose
21 to plaintiff that wheat flour particulate was found at his workplace and failed to provide plaintiff with
22 any protective equipment to guard against wheat flour particulate. *Id.* ¶¶ 68-79.

23 On August 28, 2013, defendant moved to dismiss the amended complaint.[2] Plaintiff, who is
24 represented by counsel, failed to file an opposition to the motion and failed to respond to inquiries from
25 the Court's clerk regarding the status of defendant's motion. Accordingly, on October 22, 2013, the
26 Court issued an order to show cause directing plaintiff to state whether he intended to prosecute this

---

[2] Defendant does not challenge plaintiff's sixth cause of action alleging constructive discharge due to plaintiff taking protected family medical leave, in violation of the public policy embodied in Cal. Labor Code § 98.6 and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2

case. Plaintiff's counsel responded to the order stating that plaintiff wished to prosecute this case, and stating that counsel never received notice of the motion to dismiss either by U.S. mail or electronic mail, despite the fact that counsel is registered with the Court's ECF system. Plaintiff's counsel is hereby directed to regularly check the docket in this case to ensure that there are no further missed deadlines. In the interest of resolving this case on the merits, the Court now rules on the pending motion to dismiss.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

## DISCUSSION

Although defendant moves to dismiss all claims except for the sixth cause of action, plaintiff's opposition only addresses the merits of defendant's arguments on the first, third, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth causes of action. Accordingly, it appears that plaintiff has abandoned the second, fourth, fifth, and seventh causes of action, and thus this order only addresses the contested claims.

## I. First Cause of Action

In his first cause of action, plaintiff alleges he was constructively terminated due to the "multiple uses of his right to leave of work" in violation of California Labor Code § 98.6 and the Family Medical Leave Act ("FMLA"). FAC ¶ 35.

### A. Cal. Labor Code § 98.6

Defendant moves to dismiss this claim on several grounds. First, defendant argues that Cal. Labor Code § 98.6 does not apply to this case because that section provides that an employee may not be discharged for exercising Labor Code rights, while the right to family leave is found within the California Government Code. *Compare* Cal. Lab. Code § 98.6 *and* Cal. Gov't Code § 12945.2. Plaintiff does not address this argument in his opposition, and thus it is unclear whether plaintiff wishes to proceed with a claim under § 98.6, and if so, the nature of the alleged violation.

Defendant also correctly argues that any claim under § 98.6 must first be exhausted before the Labor Commissioner. Labor Code § 98.7(a) provides that "[t]he Labor Commissioner shall have the authority to investigate employee complaints" and grants the Labor Commissioner the authority to "determine all matters arising under his or her jurisdiction." Cal. Lab. Code § 98 (2012). "Because under California law an administrative remedy that is provided by statute must be exhausted prior to resort to the courts, [p]laintiff is required to first exhaust his section 98.6 claim administratively." *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1220 (E.D. Cal. 2009) (citations omitted); *see also Hall v. Apartment Inv. & Mgmt. Co.*, No. 08-CV-3447 CW, 2008 WL 5396361, at *10 (N.D. Cal. Dec.19, 2008) (determining § 98.7's administrative exhaustion requirement applies to claims under § 98.6). In response to this argument, plaintiff asserts that he has exhausted his remedies because he filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), and he attaches a copy of that complaint as well as the right to sue letter he received from the DFEH. However, exhaustion with the DFEH is different from filing a complaint with the Labor Commissioner pursuant to § 98.7, and plaintiff does not assert that he exhausted his remedies before the Labor Commissioner.

Accordingly, the Court GRANTS defendant's motion to dismiss the first cause of action to the extent it is predicated on a violation of California Labor Code § 98.6. If plaintiff wishes to amend this

United States District Court
For the Northern District of California

claim, plaintiff must allege how defendant has violated § 98.6, and must allege that he has exhausted his administrative remedies before the Labor Commissioner.

### B. FMLA

Defendant also argues that the FMLA claim must be dismissed because plaintiff did not first file a charge and obtain a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). However, "the FMLA enforcement provision, 29 U.S.C. § 2617, does not contain language that either explicitly or implicitly requires a plaintiff employee to exhaust administrative remedies before filing a FMLA claim in federal court." *Bonzani v. Shinseki*, CIV S-11-0007 EFB, 2011 WL 4479758, at *5 (E.D. Cal. Sept. 26, 2011). Rather, "the statute provides a choice for the employee to either file suit on his or her own behalf or submit a complaint to the Secretary of Labor." *Id.*; *see generally* 29 U.S.C. § 2617; 29 C.F.R. § 825.400. Unlike other employment discrimination statutes, "[t]he FMLA is not enforced by the [EEOC] or subject to the procedures and remedies of Title VII. It is enforced by the Wage and Hour Division of the Department of Labor and does not require a plaintiff to exhaust administrative remedies." *Guadalupe v. City of Los Angeles*, 2008 WL 5179034, at *3 (C.D. Cal. Dec.9, 2008). Accordingly, the Court DENIES this aspect of defendant's motion to dismiss.

## II. Third Cause of Action

Plaintiff's third cause of action alleges discrimination on the basis of disability under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940, *et seq*. Plaintiff alleges that he sustained a back injury in 2002 as a result of his employment, and that injury "caused him to have a physical disability." FAC ¶¶ 12, 41. Defendant argues that plaintiff has not pled sufficient facts to establish that his back injury from 2002 is a qualified disability under the FEHA.

The Court agrees. To state a claim under FEHA, plaintiff must allege facts showing that his back injury constitutes a physical disability under the statute.[3] *See* Cal. Gov. Code § 12926(k); *Gelfo v.*

---

[3] As defined by FEHA, a person is "physically disabled" if, among other things, the individual:
    (1) Has a physiological condition that both (a) affects a specific bodily system and (b) limits a major life activity;
    (2) Has a "record or history of" such a physiological condition; or

5

1 *Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 47 (2006) ("It is insufficient for Gelfo simply to allege a disability or to identify an injury or physical condition. To proceed as a physically disabled person under the first prong of the statutory definition, Gelfo must demonstrate his injury or physical condition . . . makes 'difficult' the achievement of work or some other major life activity."). The Court GRANTS defendant's motion to dismiss the third cause of action with leave to amend to allege facts showing that plaintiff has a disability under FEHA.

### III. Eighth and Ninth Causes of Action

The eighth and ninth causes of action allege wrongful discharge in violation of public policy based on discrimination due to disability and age, respectively. Defendant moves to dismiss these claims on the ground that the complaint does not allege facts showing that plaintiff has a disability. Defendant also argues that the complaint does not allege any facts showing that plaintiff was wrongfully discharged on account of his age. Instead, the complaint only states that "at all relevant times plaintiff was at least 40 years old." FAC ¶ 58.

For the reasons set forth above, the Court concludes that the FAC does not sufficiently allege that plaintiff is "disabled." The Court also finds that the FAC fails to allege any facts showing that plaintiff was wrongfully discharged because of his age. The Court GRANTS defendant's motion to dismiss these claims with leave to amend.

### IV. Tenth through Fourteenth Causes of Action

The tenth through fourteenth causes of action allege violations of California's Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, *et seq.*, due to violations of Cal. Lab. Code § 98.6 and the FMLA (tenth cause of action); Labor Code § 123a (eleventh cause of action); the FEHA (twelfth

---

> (3) Is "regarded or treated by" the individual's employer as having, or having had, any condition that makes achievement of a major life activity difficult, or as having, or having had, a physiological condition that is not presently disabling, but that may become so.

Cal. Gov. Code § 12926(k)(1)(A), (B), (3), (4), (5). A physiological condition "limits" a major life activity if it makes difficult the achievement of the major life activity. § 12926(k)(ii). The term "major life activity" is broadly construed, and includes physical and social activities and working. § 12926(k)(iii).

6

1  cause of action); 8 Cal. Code Regs. § 5194(b) and Cal. Lab. Code § 6360 (thirteenth cause of action);
2  and 8 Cal. Code Regs. § 3380(a) and Cal. Lab. Code §§ 6306(b), 6401, 6403 (fourteenth cause of
3  action).

4       Defendant moves to dismiss these claims for failure to exhaust administrative remedies and
5  failure to allege sufficient facts showing that the predicate statutes were violated.  As discussed above,
6  plaintiff is required to exhaust administrative remedies for a claim under Cal. Lab. Code § 98.6.  In
7  addition, the Labor Code violations alleged in the thirteenth and fourteenth causes of action must first
8  be exhausted by filing a complaint with the Department of Industrial Relations.[4]  *See generally*
9  *Sacramento County Deputy Sheriffs' Ass'n v. County of Sacramento*, 220 Cal. App. 3d 280, 285-88
10 (1990) (dismissing claims brought under Cal. Lab. Code § 6401 for failure to exhaust administrative
11 remedies and describing Cal-OSHA administrative process); *see also Bendix Forest Prod. Corp. v.*
12 *Division of Occupational Saf. & Health*, 25 Cal. 3d 465, 467 & n.2 (1979); Cal. Lab. Code § 6302(b),
13 (d), (e). Where  the only basis for the UCL claim is an underlying statutory violation, a plaintiff must
14 comply with statutory exhaustion requirements.  *See In re the Vaccine Cases*, 134 Cal. App. 4th 438,
15 458-59 (2005) ("A plaintiff may not bring an action under the unfair competition law if some other
16 provision bars it.  Under *Cel-Tech*, plaintiffs cannot evade the requirement of pre-suit 60-day notice in
17 Proposition 65 by repleading their cause of action as one for violation of the Unfair Competition Law.")
18 (internal quotations and citation omitted).

19      Accordingly, the Court dismisses the tenth cause of action to the extent is it predicated on a
20 violation of Cal. Lab. Code § 98.6, and the thirteenth and fourteenth causes of action.  The Court will
21 grant leave to amend these claims if plaintiff can allege that he has exhausted administrative remedies.
22 The Court dismisses the eleventh cause of action with leave to amend if plaintiff identifies the correct
23 statute.  The Court also dismisses the twelfth cause of action with leave to amend facts showing that
24 plaintiff is disabled within the meaning of FEHA.

---

[4] The eleventh cause of action alleges a violation of  Lab. Code § 123a. As defendant notes, there is no such section in the Labor Code.  The Court did locate Cal. Lab. Code §123; however, that provision relates to employees and salaries of workers' compensation administrative law judges, and does not appear relevant to this case.  If plaintiff intended to allege a violation of Cal. Lab. Code § 132a, which prohibits discrimination against employees who are in injured in the course of employment, plaintiff must ensure that such a claim is timely and exhausted.

Finally, to the extent plaintiff seeks money damages under any of the UCL claims, such relief is not available under that statute. *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1402 (2010). Thus, if plaintiff files an amended complaint that contains any UCL claim, plaintiff must specify the injunctive relief or restitution that he seeks.

## CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss. Docket No. 23. If plaintiff wishes to amend the complaint, plaintiff must do so in accordance with this order no later than **December 3, 2013**. **Plaintiff is informed that this is the final opportunity to cure the deficiencies in the complaint, and no further leave to amend will be granted absent a showing of good cause**.

**IT IS SO ORDERED.**

Dated: November 21, 2013

SUSAN ILLSTON
United States District Judge